**FILED**
JAMES J. WALDRON, CLERK
**JUNE 17, 2016**
U.S. BANKRUPTCY COURT
NEWARK, N.J.

BY: s/ *Ronnie Plasner*
JUDICIAL ASSISTANT

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW JERSEY

In Re:

**MARTHA LILY BENDEZU,**

Debtor.

Case No.: 16-10055 (JKS)

Judge:   Hon. John K. Sherwood

**OPINION**

**APPEARANCES**:

**Stuart M. Nachbar, Esq.**
Law Office of Stuart M Nachbar
354 Eisenhower Parkway
Suite 2025
P.O. Box 2205
Livingston, New Jersey 07039
*Counsel for Debtor*

**Paul M. Elias, Esq.**
Bittiger, Elias & Triolo P.C.
12 Route 17 North, Suite 320
Paramus, New Jersey 07652
*Counsel for Bernice Toledo*

**THE HONORABLE JOHN K. SHERWOOD, U.S.B.J.**

Bernice Toledo ("Toledo") moves for an extension of time to file a proof of claim in the chapter 13 bankruptcy case filed by Martha Lily Bendezu (the "Debtor"). The Debtor opposes the motion. Although Toledo's request seems fair in some respects, the Court does not have discretion to enlarge the time period for filing a proof of claim in this instance.

**JURISDICTION**

The Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 1334(b), 157(a), and the Standing Order of Reference from the United States District Court for the District of New Jersey. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B). Venue is proper under 28 U.S.C. §§ 1408 and 1409(a).

**FACTS AND PROCEDURAL HISTORY**

Toledo and the Debtor purchased property located at 360 Morrissee Avenue, Haledon, New Jersey 07508 (the "Property") as joint owners in November 2001.[1] According to Toledo, the Debtor was responsible for managing the Property, including collecting rent from tenants and paying the mortgage. Toledo asserts that at some point in 2011, the Debtor began embezzling monthly rents of $4,000 and using these funds for personal expenses rather than paying the mortgage.[2] She further alleges that in October 2014, the Debtor forged her signature on a

---

[1] (Cert. of Bernice Toledo ("Toledo Cert.") at ¶ 3, ECF No. 46-3).
[2] (*Id.* at ¶¶ 3-4).

3

fraudulent power of attorney and sold the Property for $245,000. Toledo claims she did not learn of the embezzlement and sale of the Property until the fall of 2014.[3]

On January 4, 2016, the Debtor filed a chapter 13 bankruptcy petition. Toledo was not scheduled on the Debtor's petition as a creditor or party-in-interest and therefore did not receive the Bankruptcy Clerk's notice of the commencement of the case or the May 9, 2016 deadline for filing proofs of claim.[4]

On or about March 24, 2016, Toledo learned of the bankruptcy filing while preparing to file suit against the Debtor in state court.[5] On April 8, 2016, Toledo filed a motion for an extension of time to file a nondischargeability complaint against the Debtor. The motion was granted and Toledo has until July 10, 2016 to file a nondischargeability complaint with respect to her claim.[6] An order confirming the Debtor's chapter 13 plan was entered on April 18, 2016.

On May 5, 2016, four days prior to the claim bar date, Toledo filed this motion for an extension of time to file a proof of claim.[7] The Debtor objected[8] and a hearing on the motion was held on May 26, 2016. The Court reserved decision.

## DISCUSSION

Section 502(b) of the Bankruptcy Code provides that claims shall be allowed "except to the extent that . . . proof of such claim is not timely filed." 11 U.S.C. § 502(b)(9). Bankruptcy Rule 3002(c) requires proofs of claim in a chapter 13 case to be filed no later than 90 days after

---

[3] (*Id.* at ¶¶ 5-7).
[4] (Notice of Chapter 13 Bankruptcy Case, ECF No. 7).
[5] (Toledo Cert. at ¶ 11).
[6] (Ord. Granting Mot. to Extend Time to Object to Discharge, ECF No. 43).
[7] (Mot. to Extend Time, ECF No. 46).
[8] (Debtor's Br. in Opp'n, ECF No. 48).

4

the first date set for the initial meeting of creditors.[9] Rule 3002(c) also provides six narrow exceptions where late-filed claims may be allowed. Bankruptcy Rule 9006(b), which generally governs the enlargement of time periods in bankruptcy cases, states that "the court may enlarge the time for taking action under [Rule 3002(c)] . . . only to the extent and under the conditions stated" therein.[10] Thus, while Rule 9006(b)(1) gives courts discretion to extend various deadlines under the Bankruptcy Rules, that discretion does not exist when Rule 3002(c) is implicated. Unless one of the six exceptions in Rule 3002(c) applies, the Rule is an absolute bar to claims filed after the bar date.[11] The bright-line bar date enables the chapter 13 trustee to assess the feasibility of a plan and begin making distributions to creditors as soon as possible.[12]

Here, it is clear that none of the exceptions in Rule 3002(c) apply.[13] Instead, Toledo urges the Court to exercise its equitable authority under section 105 of the Bankruptcy Code to extend the time for her to file a claim since she was not scheduled as a creditor and did not learn of the filing until 45 days before the bar date.[14] Toledo asserts that 45 days was not enough time to file an accurate and properly supported proof of claim since her claim is based on fraud and embezzlement that went undiscovered for many years. Toledo relies on in *In re Tarbell*, 431

---

[9] Fed. R. Bankr. P. 3002(c).

[10] Fed. R. Bankr. P. 9006(b)(3) ("The court may enlarge the time for taking action under Rules 1006(b)(2), 1017(e), 3002(c), 4003(b), 4004(a), 4007(c), 4008(a), 8002, and 9033, only to the extent and under the conditions stated in those rules.").

[11] *See In re Jensen,* 333 B.R. 906, 909 (Bankr. M.D. Fla. 2005) ("Courts that have addressed the interaction of § 502(b)(9), Rule 9006(b)(3), and Rule 3002(c) . . . have consistently concluded that the three provisions reflect Congress' intent to create an absolute bar date for filing claims in Chapter 13 cases."); *In re Brooks*, 370 B.R. 194, 197 (Bankr. C.D. Ill. 2007) ("[T]he bar date for proofs of claim implemented by Section 502 and Rule 3002(c) is characterized as a strict statute of limitations . . . Even the forgiving concept of excusable neglect, set forth in Rule 9006(b)(1), is eliminated as a basis for extending the claim date in Chapter 7, 12, and 13 cases.") (internal citations omitted); *In re Brooks*, 414 B.R. 65, 72 (Bankr. E.D. Pa. 2009).

[12] *See In re Bennett*, 278 B.R. 764, 766 (Bankr. M.D. Tenn. 2001).

[13] Although Toledo cited Rule 3002(c)(6) in her initial moving papers, this subsection is not relevant since it applies only to foreign creditors that failed to receive sufficient notice of the petition in time to file a proof of claim. *See* Fed. R. Bankr. P. 3002(c)(6).

[14] *See* 11 U.S.C. § 105 ("the court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title").

B.R. 826, 827 (Bankr. W.D. Wis. 2010), where the court allowed the IRS to file a late claim because it did not receive notice of the bankruptcy filing until after the bar date had passed.

But Toledo had actual knowledge of the Debtor's bankruptcy case 45 days prior to the expiration of the claim deadline. Although this was significantly less than the approximately 120 days' notice she would have received had she been properly scheduled, courts have refused to grant an extension where the creditor had notice of the bar date prior to its expiration but failed to file a claim.[15] While *Tarbell* suggests it may be appropriate to allow a late claim in cases where it was impossible for an omitted creditor to file a timely claim, section 105 cannot be used to contravene section 502(b)(9) and Rules 3002(c) and 9006(b)(3) when the creditor had notice of the bar date in time to comply.[16] Additionally, many courts disagree with *Tarbell* and hold that an untimely claim cannot be allowed even where the creditor did not learn of the bankruptcy until after the bar date had passed.[17] Based on this overwhelming authority, the Court lacks discretion to grant Toledo an extension of time to file a proof of claim and the motion must be denied.

From an equitable perspective, this was a difficult decision for the Court. Debtors should not gain an advantage by failing to properly schedule creditors. Also, Toledo put all parties-in-interest on notice of her intent to pursue recovery against the Debtor by moving for an extension of the claim deadline and by obtaining an extension of the deadline for commencing a

---

[15] *See, e.g., In re Blakely*, 440 B.R. 443, 446 (Bankr. E.D. Va. 2010) (disallowing late-filed claim where improperly scheduled creditor did not receive notice of bankruptcy filing but had actual notice of the case at least one-and-one-half months before claim bar date); *In re Thul-Theis*, 431 B.R. 828, 830 (Bankr. W.D. Wis. 2010) (refusing to allow untimely claim where creditor did not receive bankruptcy court notices until after the bar date but had actual notice of the case two months before the deadline); *In re Namusyule*, 300 B.R. 100, 104 (Bankr. D.C. 2003) ("Where a creditor learns of a chapter 13 case in time to take meaningful action, even if the debtor fails to formally notify the creditor, due process has not been offended.").

[16] *Law v. Siegel*, 134 S. Ct. 1188, 1194, 188 L. Ed. 2**d** 146, 153 (U.S. 2014) ("It is hornbook law that §105(a) 'does not allow the bankruptcy court to override explicit mandates of other sections of the Bankruptcy Code.'").

[17] *See In re Brogden*, 274 B.R. 287, 294 (Bankr. M.D. Tenn. 2001); *In re Bennett*, 278 B.R. 764 (Bankr. M.D. Tenn.

nondischargeability action *before* the expiration of the proof of claim deadline.  But the harshness of this result is alleviated by the fact that Toledo still has the ability to prove and enforce her claim against the Debtor through a complaint objecting to discharge.  The failure to file a timely proof of claim only precludes a creditor from participating in distributions from the chapter 13 estate and does not affect a debtor's ability to enforce a nondischargeable debt or pursue a nondischargeability claim.[18]  Thus, this decision does not leave Toledo without recourse.

## CONCLUSION

For the reasons set forth above, the motion is denied.  An order consistent with this Opinion will be entered.

*John K. Sherwood*

---

JOHN K. SHERWOOD
UNITED STATES BANKRUPTCY JUDGE

Dated:    June 17, 2016

---

2001).
[18] *See In re Gallick*, 292 B.R. 830, 831 (Bankr. W.D. Pa. 2003) ("failure to follow the proper procedure with respect to filing claims does not affect the clear statutory language of 11 U.S.C. § 523 making certain debts nondischargeable"); *In re Graziano*, 35 B.R. 589, 592 (Bankr. E.D.N.Y. 1983) ("a creditor's failure to file a proof of claim does not act as a bar to an action to determine dischargeability although it will preclude a recovery against debtor's bankruptcy estate in the event no claim is filed on creditor's behalf"); *In re Loving,* 269 B.R. 655, 662 (Bankr. S.D. Ind. 2011) ("Neither the bankruptcy rules nor the proof of claim bar date prevents a creditor holding a nondischargeable debt who has not filed a proof of claim from collecting outside of bankruptcy."); *In re Grynberg*,

---

986 F.2d 367, 370-71 (10th Cir. 1993).